E-FILED on    4/26/07

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re JADE CHANG, aka Jade Jiu-Yu Liao,<br><br>    Debtor.<br>———————————————————<br>JOHN O'REILLY,<br><br>    Appellant,<br><br>v.<br><br>JADE CHANG,<br><br>    Appellee. | No. C-06-01894 RMW<br><br><br>OPINION DISMISSING APPEAL FOR LACK OF JURISDICTION AND ALTERNATIVELY AFFIRMING BANKRUPTCY COURT ON THE MERITS<br><br>**[Re Docket Nos. 5, 9, 10]** |

Appellant-creditor John O'Reilly appeals under 28 U.S.C. § 158 that portion of the bankruptcy court's order of February 23, 2006 ("Order") denying his motion to dismiss the bankruptcy proceedings. He raises three issues:

    1. Did the bankruptcy court commit reversible error by failing to treat the debtor's automobile leases as secured debts?

2. Did the bankruptcy court misapply California law when it determined that the debtor's loan obligation was not collectible?

3. Did the bankruptcy court commit two errors of fact and misconstrue case law when it concluded that the debtor had not filed bankruptcy in bad faith?

The appeal, however, also raises a threshold issue of whether appellate jurisdiction exists over the appeal of the denial of appellant's motion to dismiss. This threshold issue is addressed first because it is dispositive.

## I. Appellate Jurisdiction

The appellee asserts that the court lacks jurisdiction over appellant's appeal. Under 28 U.S.C. § 158(a), this court has jurisdiction to hear appeals "from final judgments, orders, and decrees" or, "with leave of the court, from . . . interlocutory orders and decrees." Here, the bankruptcy court denied appellant's motion to dismiss debtor's Chapter 13 bankruptcy proceeding for exceeding the eligibility limits and for bad faith. This court may hear appellant's appeal if the bankruptcy court's order denying appellant's motion to dismiss constitutes a final, appealable order under § 158(a). The denial of a motion to dismiss is generally considered non-final. *See Farber v. 405 N. Bedford Dr. Corp. (In re 405 N. Bedford Dr. Corp.)*, 778 F.2d 1374, 1379 (9th Cir. 1985).

The test for appellate jurisdiction over a bankruptcy court order "emphasizes the need for immediate review, rather than whether the order is technically interlocutory, in determining what is appealable as a final judgment in bankruptcy proceedings." *Dunkley v. Rega Properties, Ltd. (In re Rega Properties, Ltd.)*, 894 F.2d 1136, 1138 (9th Cir. 1990) (citing *In re 405 N. Bedford Dr. Corp.*, 778 F.2d at 1377). Orders that cause irreparable harm to the losing party are immediately appealable, so long as the orders finally determine the discrete issues to which they are addressed. *Mason v. Integrity Ins. Co. (In re Mason)*, 709 F.2d 1313, 1316 (9th Cir. 1983); *Four Seas Center Ltd. v. Davres, Inc. (In re Four Seas Center, Ltd.)*, 754 F.2d 1416, 1418 (9th Cir. 1985).

In *Rega Properties*, the Ninth Circuit determined that a bankruptcy court order denying a motion to dismiss a bankruptcy petition for bad faith is not a final, appealable order under the finality test. The court reasoned that because appellant was adequately protected under the bankruptcy code as a creditor while participating in the reorganization process, he would not suffer

OPINION DISMISSING APPEAL FOR LACK OF JURISDICTION AND ALTERNATIVELY AFFIRMING BANKRUPTCY COURT ON THE MERITS
No. C-06-01894 RMW

irreparable harm if not allowed an immediate appeal. *Rega Properties*, 894 F.2d at 1138; *see also In re City of Desert Hot Springs*, 339 F.3d 782, 788 (9th Cir. 2003).

In the present case, appellee's plan calls for payment of 100% of appellant's claim based upon the state court judgment appellant obtained against appellee for $241,137.26. Nevertheless, appellee wants to have the bankruptcy proceedings dismissed so he can return to state court to seek recovery of certain legal fees as the prevailing party on his state case and collect interest at the state rate of 10% per year rather than the current rate he receives.

Appellant has not demonstrated that he is going to suffer irreparable harm if not given the opportunity to appeal the denial of his motion to dismiss. He is adequately protected by his participation in the reorganization process. Further, appellant had the opportunity to appeal the later order confirming the plan. *See In re Pardee*, 193 F.3d 1083, 1086 (9th Cir. 1999) (recognizing the finality of confirmation orders).

Although the court has found no Ninth Circuit opinion holding that the denial of a motion to dismiss a bankruptcy proceeding is appealable, and *In re 405 N. Bedford Dr. Corp.* and *Rega Properties* hold that a denial is generally not, an assessment of the factors used in determining whether an order should be considered final further suggests that the denial Order here should not be considered final. In *Lundell v. Anchor Constr. Specialists, Inc.*, the court set forth a four-factor "pragmatic test" for assessing the finality of orders in bankruptcy proceedings, specifically balancing: "(1) the need to avoid piecemeal litigation; (2) judicial efficiency; (3) systemic interest in preserving the bankruptcy court's role as the finder of fact; and (4) whether delaying review would cause either party irreparable harm." 223 F.3d 1035, 1038 (9th Cir. 2000) (internal quotes and citation omitted). In the present case, as discussed above, appellant has made no showing of irreparable injury. Further, since the issues raised in the appeal involve some factual questions, for example whether the bankruptcy was filed in bad faith, resolution of the appeal would not necessarily obviate the need for further fact finding. Resolution would also not necessarily preclude another appeal and would not necessarily result in judicial economy.

OPINION DISMISSING APPEAL FOR LACK OF JURISDICTION AND ALTERNATIVELY AFFIRMING BANKRUPTCY COURT ON THE MERITS
No. C-06-01894 RMW

The appeal is dismissed for lack of jurisdiction. However, since the parties have fully briefed the merits of the appeal, the court will rule on the substantive issues raised in case it is later determined this court did have jurisdiction.

## II.  Merits of the Appeal

### A.  Standard of Review

When considering an appeal from the bankruptcy court, a district court uses the same standard of review that a circuit court would use in reviewing a decision of a district court. *In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). Therefore, "findings of fact are reviewed under the clearly erroneous standard, and conclusions of law, *de novo*." *In re Tucson Estates*, 912 F.2d 1162, 1166 (9th Cir. 1990). "The application of a rule of law to established facts is reviewed *de novo* when the question requires consideration of legal concepts in mix of facts and law. Essentially factual inquiries or the establishment of historical facts, however, are reviewed for clear error." *Boone v. United States*, 944 F.2d 1489, 1492 (9th Cir. 1991) (internal citations omitted).

### B.  Issues Raised

#### 1.  Automobile Leases Not Secured Debts

An individual qualifies for Chapter 13 relief only if her debts do not exceed a certain sum at the time of filing. At the time of debtor's petition, 11 U.S.C. § 109(e) provided that "[o]nly an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $290,250 and noncontingent, liquidated, secured debts of less than $871,550 . . . may be a debtor under chapter 13 of this title." 11 U.S.C. §§ 101-1330. Appellant argues that Chang is ineligible for Chapter 13 relief. According to appellant, Chang's debts exceeded the § 109(e) limit because her Mercedes car "lease" was scheduled as an unsecured debt of $26,400 but should have been considered either a secured debt of $26,400 or an unsecured debt of $66,391.71.

First, appellant contends that the $26,400 "lease" was actually a secured claim which would have caused debtor to exceed the limit on Chapter 13 eligibility for secured debts. Alternatively, he argues the lease was an unsecured claim in the amount of $66,391.71 rather than $26,400 as listed,

causing debtor to exceed the limit on Chapter 13 eligibility for unsecured debts. This latter argument is not listed in appellant's Statement of the Issues and, therefore, is not addressed.

A court may find that a purported "lease" agreement is actually a secured contract of sale where the "lessee" can acquire the property for substantially less than its value. *In re Carlson*, 53 B.R. 62, 63 (Bankr. D. Or. 1985) (finding appellant bank to be a lessor rather than a secured creditor, unless the parties presented evidence showing parties' vehicle "lease" agreement was intended to allow lessee to acquire vehicle for less than its value). In this case, the agreement between Chang and Daimler-Chrysler is entitled "Motor Vehicle Lease Agreement." Appellee's Brief, Ex. C. The agreement provides that the estimated value of the vehicle at the end of the "lease" is $20,592.25. Appellant has presented no evidence to the court showing that, at the time the agreement was entered, the parties contemplated that the stated estimated value at the end of the "lease" was nominal and intended to permit debtor to acquire the vehicle for less than its value. Thus, the court agrees that the bankruptcy court properly considered the Daimler-Chrysler claim as involving a lease rather than a secured claim.

Appellant offers no argument that would support a finding that the bankruptcy court erroneously characterized a separately listed unsecured debt of $10,000 to Mercedes Benz Credit in Schedule F of debtor's Initial Financial Schedules.

**2.      Value of Debtor's $100,000 Loan From Her Brother**

Appellant asserts that the bankruptcy court incorrectly valued debtor's loan from her brother. The bankruptcy court found that because the claim was barred by the two-year statute of limitations for oral agreements, the value of the debt was zero instead of $100,000. Appellant does not dispute that the two-year of statute of limitations applies, but argues the loan from debtor's brother remained valid and enforceable on the date of the filing of the Chapter 13 bankruptcy petition. In debtor's "Schedule F" for unsecured claims, she listed the $100,000 loan from her brother as a "$100,000 loan incurred 1994[,] repaid $18,000 between 1999 and 2002; barred by statute of limitations." Trial Ex. G, Debtor's Schedule F. Evidence at trial showed the debtor had listed repayments to her brother on her 2001 and 2002 in federal income tax statements, allegedly disguised as mortgage

interest payments of $5,000 each in her 2001 and 2002 tax returns. Appellant contends that because this constitutes written acknowledgment that the debt remained valid in 2001 and 2002, the statute of limitations would not have barred the claim until at least 2004.[1] Although the court acknowledged that the debtor had made payments in 2001 and 2002, it found that they were voluntary and made after the statute of limitations had run. The bankruptcy court further found that debtor's brother agreed that debtor did not have to pay him back and noted that because "the loan in question [was] between Debtor and her brother, [] they, not Creditor, are the proper parties to determine the value of the underlying debt." Order at 22:3-6. The bankruptcy court distinguished debtor's voluntary payments from a legal obligation to repay her brother.

This court does not find the bankruptcy court's approval of debtor's valuation of the debt at $0 to be clearly erroneous. Debtor's testimony at trial indicated that her brother was "giv[ing] up the loan he lent to [debtor]." Tr. at 86. As determined by the bankruptcy court, there was sufficient evidence that debtor's brother had agreed that the statute of limitations applied to bar the debt and any repayments debtor made on the loan were not legally enforceable for the purpose of determining Chapter 13 eligibility. The bankruptcy court's findings distinguish this case from the situation in cases like *Pacific States Corp. v. Hall*, 166 F.2d 668, 670 (9th Cir. 1948), where the court found the debt revived by the creditor's signing of an amendment specifically agreeing that original declaration of debt would be valid and binding between the parties.

This court reviews the amount of a debt for clear error. *See In re Slack*, 187 F.3d 1070, 1073 (9th Cir. 1999). Because the bankruptcy court's finding of a value of $0 was not clearly erroneous, no increase in the amount of debtor's reported unsecured debt was required. Thus, debtor did not exceed the Chapter 13 unsecured claim limits. The court affirms the bankruptcy court's order denying appellant's motion to dismiss on the grounds that debtor exceeded the Chapter 13 debt limits.

### 3. Debtor Did Not File Bankruptcy Petition in Bad Faith

Appellant argues that the bankruptcy court made errors of both fact and law in concluding

---

[1] Appellant does not dispute that the debt was noncontingent and liquidated.

1  debtor did not file her bankruptcy petition in bad faith.  A bankruptcy court's finding of bad faith is
2  reviewed for clear error, and a court's decision to dismiss a case for bad faith is reviewed for an
3  abuse of discretion.  *In re Leavitt*, 171 F.3d 1219, 1222-23 (9th Cir. 1999).  A court abuses its
4  discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding
5  of material fact.  *United States v. Sprague*, 135 F.3d 1301, 1304 (9th Cir. 1998).
6       The appropriate standard for evaluating whether a bankruptcy petition was filed in bad faith
7  considers the totality of the circumstances.  *In re Eisen*, 14 F.3d 469, 470 (9th Cir. 1994).  The
8  Bankruptcy Appellate Panel has held that a bankruptcy court uses an incorrect standard to determine
9  that debtor filed her petition in bad faith where the bankruptcy court relies exclusively on the factor
10 of "whether the debtor's only purpose in filing for chapter 13 protection is to defeat state court
11 litigation" without considering "all mitigating factors."  *In re Ho*, 274 B.R. 867, 876-77 (B.A.P. 9th
12 Cir. 2002) (reversing lower court's dismissal of debtor's bankruptcy petition for bad faith).  Those
13 factors include whether the debtor misrepresented facts in her petition or unfairly manipulated the
14 bankruptcy code, the debtor's history of filings and dismissals, whether the debtor *only* intended to
15 defeat state court litigation and whether debtor's conduct was egregious.  *Leavitt*, 171 F.3d at 1224.
16 Here, the bankruptcy court applied the appropriate standard to evaluate a bad faith filing.  Although
17 debtor's filing of bankruptcy did result in an automatic stay of state court proceedings, upon
18 appellant's motion, the bankruptcy court lifted the stay for purpose of allowing the state court to
19 confirm the arbitration award in favor of appellant.  This resulted in appellant receiving a
20 $241,137.26 judgment against debtor.  Although the debtor was not permitted to begin to collect on
21 that judgment under the bankruptcy court's order, this does not evidence that debtor filed her petition
22 in bad faith, particularly in light of the bankruptcy court's other findings.  The bankruptcy court
23 analyzed factors such as debtor's proposed payments, the amount of surplus in her budget, her ability
24 to earn, the accuracy of her disclosures, and her motivation in filing her bankruptcy petition.  The
25 bankruptcy court noted that although debtor's documents and testimony contained discrepancies
26 arising to "negligence," debtor's lack of "attention to details" did not constitute bad faith.  The court
27 also noted that debtor had successfully made her plan payments since July 2003 and for the fifteen
28

OPINION DISMISSING APPEAL FOR LACK OF JURISDICTION AND ALTERNATIVELY AFFIRMING BANKRUPTCY COURT
ON THE MERITS
No. C-06-01894 RMW

months through the time of trial. From its assessment of these factors and the evidence on record, the bankruptcy court did not err in concluding that debtor did not file her bankruptcy petition for the sole purpose of defeating state court litigation or otherwise in bad faith. The bankruptcy court's decision to deny appellant's motion to dismiss debtor's bankruptcy petition for filing in bad faith was neither an abuse of discretion nor clearly erroneous.

### III. Order

For the foregoing reasons, the court dismisses the appeal for lack of jurisdiction. Alternatively, if it is later determined that appellate jurisdiction did exist, the court affirms the decision of the bankruptcy court on the merits.

DATED:  4/26/07

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been sent to:**

**Counsel for Plaintiff** *pro se*:

John O'Reilly
101 First Street, #294
Los Altos, CA 94022

**Counsel for Defendants:**

Stanley A. Zlotoff
Law Offices of Stanley A. Zlotoff
300 S. 1st Street, #215
San Jose, CA 95113
zlotofflaw@aol.com

**Chapter 13 Trustee:**

Devin Derham-Burk
P.O. Box 50013
San Jose, CA 95150-0013

**USBC Manager - San Jose:**

US Bankruptcy Court
280 South First Street, Room 3035
San Jose, CA 95113

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   4/26/07                                          SPT
                                                              **Chambers of Judge Whyte**

OPINION DISMISSING APPEAL FOR LACK OF JURISDICTION AND ALTERNATIVELY AFFIRMING BANKRUPTCY COURT ON THE MERITS
No. C-06-01894 RMW

9